UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION - COLUMBUS

| | | |
|---|---|---|
| **VANESSA HAYES-WILLIAMS,** 1933 E. Dublin Granville Road, #191 Columbus, Ohio 43229 | : : : : | Case No. Judge |
| Plaintiff, | : : | |
| v. | : : | |
| **GROVEPORT MADISON LOCAL SCHOOL DISTRICT,** 5940 Clyde Moore Drive Groveport, Ohio 43215 | : : : : : : | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | : | |

## COMPLAINT

Now comes Plaintiff Vanessa Hayes-Williams ("Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendant Groveport Madison Local School District ("Defendant") states and avers as follows:

## THE PARTIES

1. Plaintiff is an individual residing in Franklin County, Ohio. At all times alleged herein, Plaintiff was an employee of Defendant.

2. Defendant is the public school district for the City of Groveport, located in Franklin County, Ohio.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e, 29 U.S.C. § 623, 28 U.S.C. § 1331, and Title 4112 of the Ohio Revised Code.

4. Venue is proper in the Southern District of Ohio Eastern Division because all actions took place within Franklin County, Ohio.

1

5. Plaintiff satisfied all pre-requisites for filing for lawsuit, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission (hereafter the "EEOC Notice"). A copy of the "EEOC Notice" is attached hereto as Exhibit A.

6. At all relevant times hereto, Defendant was Plaintiff's employer as the same has been defined by the Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e(d), the Age Discrimination in Employment Act, 29 U.S.C. § 630(b), and Ohio Title 4112.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates her allegations set forth in the preceding paragraphs as if fully rewritten herein.

8. Plaintiff is an African American female and was born on October 2, 1973. At all times relevant herein, Plaintiff was over the age of 40.

9. Plaintiff holds a Master's in Public Management Certification and a Master's of Public Administration.

10. At all times relevant herein, Plaintiff maintained a valid Ohio substitute teaching license issued by the Ohio Department of Education.

11. Defendant hired Plaintiff as a Building Substitute Teacher and was placed at South Middle School for the 2022 to 2023 school year.

12. In 2022, Matt Cygnor Human Resources Director (Caucasian male under 40) and Matt Misener Principal (Caucasian male under 40) informed Defendant that Plaintiff should not be provided employment opportunities.

13. As a Building Substitute Teacher, Plaintiff graded student work, developed classroom lesson plans, developed classroom behavior management actions, and contributed to the daily operations through recommendation drafted for different school programs including study

tables, suspension process, student access to work during suspension, and incident command plans and zones.

14. Plaintiff reported to South Middle School every day and covered classes for teachers that were absent.

15. In January 2023, Plaintiff became a long-term substitute for a teacher that was on extended leave.

16. While employed with Defendant, Plaintiff was treated differently than her Caucasian coworkers under the age of 40. Specific instances include but are not limited to the following:

    a. Denied the opportunity to act as a Test Administrator for state testing periods although Plaintiff acted as a Test Administrator while employed as a substitute teacher for school years 2018 through 2022

    b. Defendant sent Plaintiff home during the school day on April 30, 2023 for violating the "stay put" procedure when a student arrived late to school and was coming to retrieve a pass from Plaintiff;

    c. Plaintiff was not given access to enter third quarter ESL grades as a substitute but other teachers had access;

    d. Plaintiff was not compensated for acting as an advisor for the Black History Program while another Caucasian teacher, Brandon Lively, was paid for his work on the same program;

    e. While working as a long-term substitute, Plaintiff was not compensated for grading, while other teachers were compensated for the same activities;

   f. Plaintiff volunteered to act as advisor for multiple student activities such as the Fairy Godmother, and was denied;

17. Plaintiff reported the head volleyball coach, Bailey Church, Caucasian female under the age of 40, yelled and cursed at students, refused to acknowledge Plaintiff's position as Assistant Coach, and called Plaintiff a "back stabber" to students and staff. Plaintiff was the only African American female coach for the volleyball team.

18. Athletic Director, Steve Petros, and Coach Church mocked Plaintiff's education, work experience, and refused to give Plaintiff responsibilities as Assistant Coach despite being hired for that job.

19. Plaintiff also applied for no fewer than three permanent positions with Defendant including Business CTE, Summer Coordinator for High School, and Assistant Principal at Sedalia Elementary School. Plaintiff was denied these positions. Defendant selected Caucasians under the age of 40 for each position.

20. On August 8, 2023, Defendant terminated Plaintiff's employment as a Building Substitute Teacher.

**COUNT I – SEX DISCRIMINATION TITLE VII & OHIO TITLE 4112**

21. Plaintiff hereby incorporates all of her allegations set forth in the preceding paragraphs as if fully rewritten herein.

22. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her gender, female.

23. Plaintiff is a member of a protected class, female, and was qualified for the position.

24. Defendant terminated and did not select Plaintiff for the permanent positions for which she applied for pre-textual reasons because of her gender, all in violation of 42 USC §

4

2000(e) and Ohio Title 4112.

25. By treating Plaintiff differently and otherwise discriminating against her on the basis of her gender, Defendant committed unlawful employment practices within the meaning of 42 U.S.C. § 2000(e) in violation of Title VII of the Civil Rights Act of 1964, as amended and Ohio Title 4112.

26. As a direct and proximate result of Defendant's conduct in contravention of Title VII of the Civil Rights Act of 1964 and Ohio Title 4112 as set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be determined at trial.

**COUNT II – RACE DISCRIMINATION TITLE VII & OHIO TITLE 4112**

27. Plaintiff hereby incorporates all of her allegations set forth in the preceding paragraphs as if fully rewritten herein.

28. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her race, African American.

29. Plaintiff is a member of a protected class, African American, and was qualified for the position.

30. Defendant terminated and did not select Plaintiff for the permanent positions for which she applied for pre-textual reasons because of her race, all in violation of 42 USC § 2000(e) and Ohio Title 4112.

31. By treating Plaintiff differently and otherwise discriminating against her on the basis of her race, Defendant committed unlawful employment practices within the meaning of 42 U.S.C. § 2000(e) in violation of Title VII of the Civil Rights Act of 1964, as amended and Ohio

Title 4112.

32. As a direct and proximate result of Defendant's conduct in contravention of Title VII of the Civil Rights Act of 1964 and Ohio Title 4112 as set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be determined at trial.

### COUNT IV – AGE DISCRIMINATION ADEA & OHIO TITLE 4112

33. Plaintiff hereby incorporates all of her allegations set forth in the preceding paragraphs as if fully rewritten herein.

34. Plaintiff is over the age of 40 and was qualified to perform her job duties.

35. Plaintiff is substantially older than the individuals currently performing her job duties.

36. The reason Plaintiff was terminated and not selected for the permanent positions for which she applied was because of Plaintiff's age.

37. Defendant was specifically aware of Plaintiff's age at the time she was terminated and not selected for the permanent positions for which she applied and treated Plaintiff differently than other similarly situated employees that were under the age of 40 or substantially younger than Plaintiff.

38. Defendant's conduct was intentional.

39. Defendant's conduct was at all times in violation of the Age Discrimination in Employment Act and Ohio Title 4112.

40. Defendant acted with malice and/or reckless malfeasance toward Plaintiff's protected rights and for such willful conduct, Defendant is liable for liquidated and punitive damages.

41. As a direct and proximate result of Defendant's conduct in contravention of Age Discrimination in Employment Act and Ohio Title 4112 as set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be determined at trial.

**COUNT V – RETALIATION IN VIOLATION OF TITLE VII & OHIO TITLE 4112**

42. Plaintiff hereby incorporates all of her allegations set forth in the preceding paragraphs as if fully rewritten herein.

43. Following Plaintiff's report to Human Resources in which she alleged unwanted she was being treated differently than her Caucasian and/or male coworkers, Defendant denied Plaintiff a permanent position and terminated Plaintiff.

44. Defendant treated Plaintiff differently with respect to the terms and conditions of her employment Plaintiff because of her continued participation in protected activity.

45. Defendant's actions constitute retaliation as prohibited by Title VII and Ohio Title 4112.

46. Because of Defendant's retaliation, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, in an amount to be determined at trial.

## COUNT VI – RETALIATION IN VIOLATION OF ADEA & OHIO TITLE 4112

47. Plaintiff hereby incorporates all of her allegations set forth in the preceding paragraphs as if fully rewritten herein.

48. Following Plaintiff's report to Human Resources in which she alleged younger applicants and employees were being treated differently than Plaintiff, Defendant denied Plaintiff a permanent position and terminated Plaintiff.

49. Defendant treated Plaintiff differently with respect to the terms and conditions of her employment Plaintiff because of her continued participation in protected activity.

50. Defendant's actions constitute retaliation as prohibited by the ADEA and Ohio Title 4112.

51. Because of Defendant's retaliation, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Vaness Hayes-Williams prays that this Court award a judgment against Defendant Groveport Madison Local School District on all counts, for compensatory and punitive damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

KEMP, SCHAEFFER, & ROWE CO., L.P.A.

/s/ Erica Ann Probst
Erica Ann Probst #0073486
Andrea L. Salvino #0097768
88 West Mound Street
Columbus, Ohio 43215
(614) 232-8692
(614) 469-7170 (fax)
Email: Erica@ksrlegal.com
      ASalvino@ksrlegal.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

KEMP, SCHAEFFER, & ROWE CO., L.P.A.

/s/ Erica Ann Probst
Erica Ann Probst #0073486
Andrea L. Salvino #0097768
88 West Mound Street
Columbus, Ohio 43215
(614) 232-8692
(614) 469-7170 (fax)
Email: Erica@ksrlegal.com
      ASalvino@ksrlegal.com

*Counsel for Plaintiff*